IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JULIO C. CARDENAS,

    Plaintiff,

v.                                        Civil Action No. 3:15CV192

U.S. MARSHAL SERVICE,

    Defendant.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on June 9, 2015, the Court dismissed Julio C. Cardenas's civil action because he failed to complete and return the in forma pauperis affidavit and consent to the collection of fees form or pay the $400.00 filing fee. On June 18, 2015, Cardenas filed a Motion for Reconsideration that the Court construed as one brought pursuant to Federal Rule of Civil Procedure 59(e). ("Rule 59(e) Motion," ECF No. 7.) Cardenas claimed that he mailed both the in forma pauperis affidavit and the consent to the collection of fees form within thirty days of the date of the Court's April 8, 2015 Memorandum Order. Cardenas also explained that he has experienced problems with his mail. Because Cardenas demonstrated that the reopening of the action would prevent manifest injustice, the Court granted the Rule 59(e) Motion,

vacated the June 9, 2015 Memorandum Opinion and Order, and reopened the action.

The Clerk subsequently filed Cardenas's <u>in forma pauperis</u> affidavit and his consent to the collection of fees form attached to his Rule 59(e) Motion. By Memorandum Order entered on August 20, 2015, the Court directed Cardenas, within eleven (11) days of the date of entry thereof, to pay an initial partial filing fee of $45.74 or state under penalty of perjury that he did not have sufficient assets to pay such a fee. By Memorandum Order entered on September 16, 2015, the Court granted Cardenas's motion for extension of time and directed him to pay the fee within thirty (30) days of the date of entry thereof.

Cardenas failed to timely pay the filing fee and failed to aver he could not pay the fee. Accordingly, by Memorandum Opinion and Order entered on November 13, 2015, the Court dismissed the action.

On December 11, 2015, Cardenas filed his notice of appeal. Within the notice of appeal Cardenas explains that he requested that his sister pay the initial partial filing fee back in August 2015, but on September 19, 2015, he learned that his sister had not received his letter. (ECF No. 19, at 2.) Cardenas claims that "his family is ready with the initial partial filing fee as promptly as this Honorable Court allows

2

him to make the payment owed." (Id.) Notably, Cardenas has failed to file the $45.74 initial partial filing fee since he filed his notice of appeal filed back on December 11, 2015. The Court construes the argument in his notice of appeal to request relief pursuant to Federal Rule of Civil Procedure 59(e) ("Second Rule 59(e) Motion," ECF No. 21).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Cardenas fails to state any valid ground for the Court to grant him Rule 59(e) relief. Cardenas is aware that he owes $45.74 and he claims his family is ready to pay that fee. However, the Court directed Cardenas to pay that initial partial filing fee on August 20, 2015. Cardenas faults the institutional mail services for hindering his mail, but he fails to explain why the institution is at fault when Cardenas and his family undoubtedly know that the initial partial filing fee payment is past due. Moreover, since this action was dismissed, Cardenas has made no effort to pay

3

the initial partial filing fee. Accordingly, Cardenas's Second Rule 59(e) Motion (ECF No. 21) will be denied.

Cardenas's action was dismissed without prejudice. Thus, if Cardenas wishes to pursue this action, he may simply file a new civil action.

The Clerk is directed to send a copy of the Memorandum Opinion to Cardenas.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: 1/27/16

4